# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT
## Form 7. Mediation Questionnaire

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form07instructions.pdf*

**9th Cir. Case Number(s)** | 22-55924

**Case Name** | IQE plc v. Newport Fab, LLC, et al.

**Counsel submitting this form** | Jason D. Russell

**Represented party/parties** | Newport Fab, LLC; Tower U.S. Holdings Inc.; Tower Semiconductor Ltd.; Paul D. Hurwitz; Edward Preisler; David J. Howard; and Marco Racanelli.

*Briefly describe the dispute that gave rise to this lawsuit.*

Plaintiff/Appellee IQE plc ("IQE") manufactures and supplies so-called "wafer products," which are component parts that other companies use to build semiconductor devices. The Defendant/Appellant entities and individuals (collectively, "Tower") build semiconductor devices; IQE does not. IQE alleges in this case that it has the ability to build "porous silicon" wafers. IQE claims that porous silicon wafers have certain advantages compared to wafers that are built with non-porous silicon (or with other materials). The notion of (and purported benefits from) using porous silicon to build wafers for use in semiconductor devices has been in the public domain for decades.

In 2019 and 2021, Tower filed four patent applications seeking to patent a method for building certain semiconductor devices. The patent applications describe semiconductor devices in which one of the component parts is a completed, functioning porous silicon wafer. The applications do not disclose how to build a porous silicon wafer (or any other type of wafer), or provide any technical clues about how to do so. Thus, the patent applications do not arguably disclose or reflect any trade secrets or confidential information that IQE might have.

IQE filed this lawsuit anyway, claiming that Tower's patent applications somehow revealed IQE's trade secrets.

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**      *1*      Rev. 12/01/2018

*Briefly describe the result below and the main issues on appeal.*

On August 1, 2022, Tower filed a special motion to strike IQE's two state law interference with prospective economic advantage claims and its state law misappropriation claim under California's anti-SLAPP statute (the "Motion"). In the Motion, Tower argued that these claims satisfy the first step of the anti-SLAPP analysis because they all arise from Tower's filing of four patent applications with the United States Patent and Trademark Office ("USPTO"), and the "act of filing [an] application[] with the USPTO [is] a protected act within the meaning of the [anti-SLAPP] statute." Mindys Cosmetics, Inc. v. Dakar, 611 F.3d 590, 596 (9th Cir. 2010). Under the second step of the anti-SLAPP analysis, Tower argued that IQE cannot demonstrate a probability of prevailing on its interference and state law misappropriation claims because Tower is protected by Noerr-Pennington immunity, and because the interference claims failed to identify the particular relationships allegedly disrupted. Tower also separately moved to dismiss several claims, including the interference claims.

The District Court denied Tower's Motion on September 28, finding that the anti-SLAPP's first prong was not satisfied because Tower's patent applications were allegedly wrongful. Tower believes this ruling is contrary to Ninth Circuit and California Supreme Court authority, which does not permit a review of the merits on the anti-SLAPP's first prong analysis.

*Describe any proceedings remaining below or any related proceedings in other tribunals.*

Because the filing of an appeal from the denial of an anti-SLAPP motion results in a mandatory stay of trial court proceedings, Tower intends to imminently file a motion to stay further proceedings in the District Court pending resolution of Tower's appeal.

**Signature** s/ Jason D. Russell  **Date** Oct 13, 2022

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

**Form 7**  *2*  Rev. 12/01/2018