UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IQE PLC,

Plaintiff-Appellee,

v.

NEWPORT FAB, LLC, DBA Jazz Semiconductor; TOWER U.S. HOLDINGS INC.; TOWER SEMICONDUCTOR LTD.; PAUL D. HURWITZ; EDWARD PREISLER; DAVID J. HOWARD; MARCO RACANELLI,

Defendants-Appellants.

No. 22-55924

D.C. No.
8:22-cv-00867-CJC-KES
Central District of California,
Santa Ana

ORDER

Before: PAEZ and H.A. THOMAS, Circuit Judges, and RAKOFF,* District Judge.

This case arises out of IQE plc ("IQE")'s allegations that Newport Fab, LLC, Tower U.S. Holdings Inc., Tower Semiconductor Ltd., Paul D. Hurwitz, Edward Preisler, David J. Howard, and Marco Racanelli (collectively, "Tower") misappropriated its trade secrets in four patent applications.

In April 2022, IQE sued Tower in the Central District of California, Southern Division. IQE asserted claims of (1) violations of the Defend Trade Secrets Act, (2) violations of the California Uniform Trade Secrets Act (CUTSA), (3) correction of

* The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

inventorship, (4) breach of contract, (5) violation of California's Unfair Competition Law, and (6) both intentional and negligent interference with prospective economic advantage.

In August 2022, Tower filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. In addition, and as relevant to this appeal, Tower filed a special motion to strike IQE's claims for violations of CUTSA and tortious interference with prospective economic advantage under California's anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16. In its special motion to strike, Tower alleged that IQE's claims were not actionable because they were based on Tower's acts in furtherance of its right to petition the government.

The district court in large part denied Tower's motion to dismiss and special motion to strike. Here, Tower timely appeals the denial of its special motion to strike.

We must first determine whether we have subject matter jurisdiction over this appeal. *See Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 994 (9th Cir. 2015). Specifically, we must determine whether this appeal implicates the Federal Circuit's exclusive jurisdiction under 28 U.S.C. § 1295(a) given that IQE's complaint contains a claim created by federal patent law. If not, this court would retain jurisdiction to review the district court's denial of Tower's anti-SLAPP

motion. *See Langer v. Kiser*, 57 F.4th 1085, 1104 (9th Cir. 2023) ("The denial of an anti-SLAPP motion is an immediately appealable final decision pursuant to the collateral order doctrine.").

The Federal Circuit has exclusive jurisdiction over appeals "from a final decision of a district court of the United States . . . in any civil action arising under . . . any Act of Congress relating to patents." 28 U.S.C. § 1295(a). As this court has observed, a civil action arises under the federal patent laws where "a well-pleaded complaint establishes . . . that federal patent law creates the cause of action." *Amity*, 793 F.3d at 994 (quoting *Breed v. Hughes Aircraft Co.*, 253 F.3d 1173, 1177 (9th Cir. 2001)). Indeed, the "existence of a single claim created by federal patent law is sufficient to trigger the Federal Circuit's exclusive appellate jurisdiction over the entire case," and it is "immaterial" that the complaint "also asserts non-patent claims, or that non-patent issues will predominate." *Id.*

Here, IQE's well-pleaded complaint contains a claim for correction of inventorship under 35 U.S.C. § 256. This court has previously held that such a claim is created by federal patent law. *See Breed*, 253 F.3d at 1177–78. As a result, the Federal Circuit has exclusive jurisdiction over this appeal.

To be sure, we have recognized at least two exceptions to the well-pleaded complaint rule for the purpose of determining whether the Federal Circuit's exclusive jurisdiction is implicated. *See Breed*, 253 F.3d at 1179 ("Where the

plaintiff moves to voluntarily dismiss a patent claim early in the litigation, and the district court grants the motion without opposition, the Federal Circuit does not have jurisdiction over the appeal."); *Denbicare U.S.A. Inc. v. Toys R Us, Inc.*, 84 F.3d 1143, 1148 (9th Cir. 1996) ("Because the district court both dismissed all patent claims from this case and separated its decision on the merits of the nonpatent claims through the grant of a partial final judgment under Rule 54(b), we have appellate jurisdiction over the partial final judgment."), *abrogated on other grounds by Kirtsaeng v. John Wiley & Sons, Inc.*, 568 U.S. 519 (2013). However, this case does not fall into either exception, as IQE's singular patent claim was not dismissed, and the district court below did not invoke Rule 54(b) to separate out its decision on Tower's anti-SLAPP motion as a partial final judgment. We consequently hold that the Federal Circuit, not this court, has jurisdiction over the merits of this appeal.

Nonetheless, "we need not necessarily dismiss this appeal." *Amity*, 793 F.3d at 994. Instead, under 28 U.S.C. § 1631, courts are directed "to transfer a misfiled appeal as long as two requirements are met: (1) the court to which the appeal is to be transferred would have had jurisdiction at the time the appeal was filed; and (2) transfer is in the interest of justice." *Id.* at 995 (internal quotation marks omitted).

For the reasons described above, the Federal Circuit would have had jurisdiction at the time this appeal was filed. In addition, "transfer will generally be in the interest of justice, unless it is apparent that the matter to be transferred is

frivolous or was filed in bad faith," a standard that this court has described as a "low bar." *Id.* at 996. Thus, in *Amity*, we concluded that transfer would be in the interest of justice where the operative complaint contained a patent claim, the appeal raised a non-frivolous question, and there was no evidence of wrongdoing by the appellants. *See id.* at 997. The same logic applies here, as Tower's appeal raises non-frivolous merits questions, and "nothing before us indicates that [Tower's] misfiling was anything other than an honest mistake." *Id.* Finally, as we recognized in *Amity*, "absent contravening considerations, another court's exclusive jurisdiction makes transfer appropriate." *Id.* at 996. We therefore transfer this appeal to the Federal Circuit.

**TRANSFERRED.**